UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN HOLLOWAY and JOSEPH CHARLIE DIAZ,<br><br>                  Plaintiffs,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE, CHARLIE DIAZ TRUST W/ SHOSHONE-BANNOCK TRIBAL COUNCIL, UTAH DEPARTMENT OF CORRECTIONS, et al.,<br><br>                  Defendants. | Case No. 4:23-CV-00510-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Steven Holloway and Joseph Charlie Diaz was conditionally filed by the Clerk of Court due to their status as prisoners and paupers. Dkts. 3, 1. A "conditional filing" means that each Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiffs cannot proceed on their claims and each must file an amended complaint.

## REVIEW OF COMPLAINT

1. **Standards of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts under the *Iqbal*/*Twombly* standard. Pro se litigants bringing civil rights claims must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that the deficiencies cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

2. **Steven Holloway Cannot Represent Another Inmate**

It is unclear whether Joseph Charlie Diaz is a separate person, an alias for Steven Holloway, or a defendant ("Charlie Diaz Trust"). *See* Dkt. 3, pp. 1-2. It is unclear whether Mr. Holloway and Mr. Diaz each have their own claims, or just one person's claims are being asserted in the Complaint.

Another issue is that Mr. Holloway states he is a licensed attorney in the state of California under Bar No. #150365. However, Mr. Holloway's middle name listed on the

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

Utah Department of Correction website is Emile, while Attorney Steven Holloway's middle name is Gabriel. *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/150365 (accessed 1/26/2024). Because of this uncertainty and the fact that Mr. Holloway is a prisoner and may be attempting to file a lawsuit in an Idaho federal court on behalf of another person without authorization, the Court will exercise caution and not permit Mr. Holloway to act on behalf of Mr. Diaz. *See, e.g., C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) (a non-attorney cannot maintain a court action of any kind on behalf of another person); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Mr. Holloway, the prisoner, may file further documentation to clarify his attorney status.

In any event, if both Mr. Holloway and Mr. Diaz are asserting separate claims, each must file and sign his own separate amended complaint in this action. Because only Mr. Holloway has signed the Complaint, the remainder of this Order will refer to Plaintiff Holloway rather than "Plaintiffs."

3. **Review of Claims brought under 26 U.S.C. § 6428**

Plaintiff references "§ 6428" as a cause of action and includes the Internal Revenue Service (IRS) as a defendant. Dkt. 3, p. 1. In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428, to provide emergency relief to individuals in the form of a tax credit (payment) for 2020. Additional relief was provided in 2021. To qualify for the payments, a person must be a United States citizen, a lawful permanent resident ("green card" holder), or a qualifying resident alien, and must have a Social Security number. *See id*.

If a person is eligible to collect all or some of the stimulus money, but it never

arrived, he can claim the missing money on his 2020 or 2021 tax return as a "Recovery Rebate Credit," using 2020/2021 Form 1040 or Form 1040-SR to claim a catch-up stimulus payment.

If a person does not usually file a tax return because he does not meet the required income threshold, he must nevertheless file a tax return to obtain the stimulus payments.

Plaintiff appears to be asserting that either he did not receive these funds or that tribal or prison custodians confiscated the funds. As to Defendant IRS, Plaintiff has provided no plausible factual allegations that he has filed his tax return and has received a written rejection or notice of disallowance of his claim for stimulus funds. He may provide this information in an amended complaint, or omit this cause of action if he has not taken the proper steps to file a 2020 tax return.

4. **Review of Claims brought under 42 U.S.C. § 1983**

Plaintiff brings other claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

   A. *Claims against Tribal Council*

Plaintiff appears to be asserting a claim for monetary damages or reimbursement against the Charlie Diaz Trust with the Shoshone-Bannock Tribal Counsel and/or the Tribal Council. The nature of the claim is unclear. He alleges that he is presenting this case to

obtain a lien on the Council for divestment for services rendered during the time he was incarcerated at a tribal detention center (for $96,000), and also for attorney fees accrued during that time (for $16,978). Additional facts are necessary to explain Plaintiff's claims.

Because this case seems to concern incidents occurring between tribal members, particularly at issue here is whether Tribal defendants were acting under color of *state law*. A § 1983 action "cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law." *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989) (citation omitted).

Even if tribal officials were acting under color of state law, rather than tribal law, an additional issue is that most prisoner personal property claims involving a government official do not implicate the United States Constitution. Intentional confiscation or destruction of personal property by prison officials will not support a due process claim under § 1983 if the prisoner has an adequate remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels*, 474 U.S. at 330-31 (1986). Claims for damages or reimbursement generally are classified as state law personal property or contract claims over which the state courts have jurisdiction.

An option for tribe members may be to file suit under the Indian Civil Rights Act (ICRA) in tribal court. *See* 25 U.S.C. §§ 1302; *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 61 (1978) (citing S. Rep. No. 841, 90th Cong., 1st Sess., 5–6 (1967)). With the exception of habeas corpus actions, ICRA claims must be adjudicated in tribal, not federal, courts because, "[i]n addition to its objective of strengthening the position of individual

tribal members vis-à-vis the tribe, Congress also intended to promote the well-established federal 'policy of furthering Indian self-government.'" *Id*. at 62-63 (citations omitted).

For all of the foregoing reasons, it appears that Plaintiff cannot proceed on his claims related to the Tribe. However, because each Plaintiff's claims are unclear, the Court will permit each to file a clarifying amended complaint.

### B. *Claims against UDOC*

Plaintiff has named the Utah Department of Correction (UDOC), where he is currently incarcerated, as a defendant, but his claims against this entity are unclear. Plaintiff will be given leave file to a clarifying amended complaint.

### INSTRUCTIONS FOR AMENDMENT

Each Plaintiff must file and sign his own separate amended complaint in this action. Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

An amended complaint must state the "who, what, where, when, why, and how" of each claim against each defendant. Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his federal statutory or constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is

unlawful; (5) the particular federal statute or provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as a "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. Each Plaintiff must also file a "Motion to Review the Amended Complaint" with any proposed amended complaint.

## ORDER

**IT IS ORDERED:**

1. Within **30 days** after entry of this Order, each Plaintiff must file either an amended complaint showing how his federal statutory or constitutional rights have been violated (including exhibits supporting the IRS disallowance of claims), or a notice of voluntary dismissal. If Plaintiff does nothing further within that time frame, this case will be dismissed for failure to state a claim upon which relief can be granted, without further notice. Mr. Diaz must also file a prison trust account statement and an in forma pauperis application.

2. Plaintiffs' Motion for Settlement Meeting (Dkt. 4) is DENIED without prejudice.

3. The Clerk of Court shall send a copy of this Order to Attorney Steven Gabriel Holloway, #150365, Rusnak Auto Group, 267 W Colorado Blvd, Pasadena, CA

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

91105-1863, for his information only.

DATED: February 1, 2024

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8